# MORRISON TENENBAUM

MORRISON-TENENBAUM PLLC, ATTORNEYS-AT-LAW M-T-LAW.COM
87 WALKER STREET 2ND FLOOR NEW YORK NY 10013
PHONE 212.620.0938 FAX 646.998.1972

October 22, 2022

**Via ECF**
The Honorable Judge Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11722

**Re: Villada v. Vitale, et al.**
      **Docket No.: 21-CV-3217**

Dear Judge Scanlon:

Our office represents Carlos Villada ("Plaintiff" or "Villada") and we submit this motion to request the Court's approval of the settlement agreement ("Settlement Agreement"), between the parties. The Settlement Agreement, attached hereto as **Exhibit 1**, memorializes the agreed upon terms during their months-long negotiation process in both federal court and bankruptcy court. At the current time, the Settlement Agreement is unsigned by Defendants. We anticipate receiving a fully signed Settlement Agreement before the Court conference on October 26, 2022 and will file the fully signed Settlement Agreement when we receive it.

Plaintiff provides the following information in support of the request for Court approval of the Settlement Agreement pursuant to Your Honor's Individual Rules:

**1) The Plaintiff's estimates of full anticipated recovery if Plaintiff had received a favorable outcome at trial:**

Plaintiff brought this action alleging entitlement to unpaid overtime and minimum wages in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). Plaintiff alleged that he was employed by Defendants for approximately one year, during which time period, he alleged that he worked approximately 75 hours per week. Plaintiff further alleged that he was paid a flat weekly salary of $1,000.00 per week, which did not properly compensate him for all of his overtime work performed and paid him at a rate below the applicable minimum wage rate.

Based on the above, Plaintiff claimed approximately $68,250.00 as a maximum potential amount of unpaid wages if Plaintiff were 100% successful in establishing the underlying details of his employment, including establishing that Plaintiff worked at least 75 hours every week of his employment within the relevant statutory period and that Plaintiff was never compensated for a single hour of overtime during this period. Plaintiff could have also recovered liquidated damages in an amount equal to his unpaid wages

claim and $10,000.00 in statutory penalties for alleged violations under NYLL 195. As such, Plaintiff could have recovered up to $146,500.00 if Plaintiff were 100% successful at the time of trial.

**2) A description of the bona fide disputes or other issues that support accepting the settlement agreement:**

There were significant factual disputes, as well as risks of inability to recover a hypothetical judgment, which supported acceptance of the settlement agreement. Defendants disputed the length of time that Plaintiff alleged he worked for Defendants, and submitted affidavits from non-party employees attesting to Plaintiff having worked only approximately six months, rather than the year he claimed. Defendants also disputed the hours Plaintiff claimed working, asserting that his claim to have worked 75 hours per week exceeded the number of hours the restaurant was open in a week, and thus could not be correct.

The corporate defendant, Molaoi Restaurant Corp., file for bankruptcy. This significantly impacted Plaintiff's ability to recover the full amount of his claimed damages from Defendants.

In light of these issues, the settlement was acceptable to Plaintiff.

**3) A brief description of the settlement negotiations:**

The parties attended a Court-annexed mediation on October 15, 2021. However, a settlement was not reached at that time. The parties continued their negotiations in the months thereafter until the corporate defendant, Molaoi Restaurant Corp., filed for bankruptcy. The parties continued to engage in good faith negotiations through in both the bankruptcy proceeding and the instant litigation. Settlement was only reached after a mediation conducted by the chapter 7 bankruptcy trustee, and considerable post-mediation negotiations about all of the terms of the settlement agreement, ultimately culminating in settlement.

**4) The amount of attorneys' fees and the basis for the claimed amount:**

Plaintiff's attorneys request fees equal to one-third of the settlement less their expenses incurred in litigation ("Net Settlement Amount"). The basis for this amount is the retainer agreement signed by Plaintiff with Plaintiff's attorneys and the standard request for attorneys' fees in this District.

**Settlement Amount:** $50,000.00
**Attorneys' Expenses:** $828.00
**Net Settlement Amount:** $49,172.00 ($50,000.00 - $828.00)
**Requested Attorneys' Fees:** $16,390.00 ($49,172.00 / 3)
**Total payable to Attorneys:** $17,218.00 ($16,390.00 + $828.00)
**Total payable to Plaintiff:** $32,782.00 ($50,000.00 - $17,218.00)

**5) A statement as to the reasonableness of the fee amounts:**

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). The Court in *Cheeks* did not assert that the Court needs to approve the attorney fee agreement in each FLSA case. The Court there denied the attorneys' fees because the attorneys were seeking to recover between 40 and 43.6% of the total payment with no justification as to why the attorneys would be entitled to an amount larger than the norm. *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015)(*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015).

Furthermore, in this very Circuit, there is case law that suggests that when FLSA actions settle early, the Court should use the percentage method as opposed to the lodestar method, due to the lodestar's potential to disincentivize settlement. *McDaniel v. Cty. of Schenectady,* 595 F.3d 411, 417 (2d Cir. 2010) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 121 (2d Cir. 2005)),

The Hon. Judge Alison J. Nathan highlighted this issue in *Hyun v Ippudo USA Holdings*: "In this case, where the parties were able to settle relatively early and before any depositions occurred, *see* Dkt. No. 117 at 9, the Court finds that the percentage method, which avoids the lodestar method's potential to "create a disincentive to early settlement," *McDaniel,* 595 F.3d at 418, is appropriate. "Fee awards representing one third of the total recovery are common in this District." *Gaspar v. Pers. Touch Moving, Inc.,* No. 13-CV-8187 (AJN), 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015). As a result, the Court finds that the requested attorneys' fees are "fair and reasonable." *Wolinsky,* 900 F. Supp. 2d at 335." *Hyun v Ippudo USA Holdings*, 14-CV-8706 (AJN), 2016 WL 1222347, at *3 (SDNY Mar. 24, 2016). Based on this, the Plaintiffs' attorneys should be allowed to retain 1/3 of the recovery, as is typical of FLSA claims.

Here, Plaintiffs' counsel is seeking attorneys' fees to be set in the amount of 1/3 the settlement total (less expenses), pursuant to the retainer agreement entered into with the clients. Since 1/3 is the standard amount allowed to attorneys in FLSA cases, and the Plaintiffs entered into a contract for this amount with their counsel, this amount is not unreasonable, and *Cheeks* does not disagree.

Plaintiffs' counsel routinely enters into the same agreement as to attorneys' fees with the hundreds of clients they have represented in similar FLSA actions.

**6) A description of Plaintiff's counsel's experience and focus in this District:**

Roman Avshalumov has been an attorney for fifteen years, and is admitted to practice in New York and New Jersey, as well as the EDNY, SDNY, and District of New Jersey. He has represented both plaintiffs and defendants in labor law actions. Mr.

Avshalumov has tried numerous labor/employment cases and has settled over a hundred more. He has also tried over 50 personal injury and employment actions. Mr. Avshalumov is the senior managing attorney at Helen F. Dalton & Associates, P.C., where he oversees all litigation at the firm, and has done so for over a decade.

James O'Donnell has been an attorney for eight years and is admitted to practice in New York as well as the EDNY and SDNY. Mr. O'Donnell is the head of the labor law practice group and managing attorney at Helen F. Dalton & Associates, P.C. and oversees all labor and employment matters and litigation at the firm. Mr. O'Donnell has exclusively worked on employment matters during his six years at the firm. He has appeared on hundreds of FLSA matters in the Second Circuit, including collective actions and class actions, and has settled or otherwise resolved over three hundred employment discrimination and wage-and-hour cases in New York state and federal courts during this time.

Lawrence F. Morrison is a founding partner of Morrison Tenenbaum. Prior, he was an attorney for ten years at Meister Seelig. He has practiced for over twenty years. Mr. Morrison has handled hundreds of FLSA matters in the Second Circuit, primarily on the defense side, and also has extensive experience in bankruptcy court. He is admitted to practice in new York and New Jersey as well as the EDNY, SDNY, and District of New Jersey.

Joshua S. Androphy is of counsel to Morrison Tenenbaum, and has practiced as an attorney for over fifteen years and is admitted in the state of New York, EDNY, and SDNY. For the past ten years Androphy's practice has focused on wage and hour matters, on both the plaintiff and defense sides. He has tried more than 20 wage and hour cases in federal court.

## 7) An itemized list of costs to be paid by Plaintiff:

Plaintiff's counsel requests reimbursement of $828.00 from the settlement proceeds. This request includes the following expenses:

- The EDNY Filing Fee: $400.00
- Costs of service of the Summons and Complaint on Defendants: $128.00
- Cost of Court-annexed mediation: $300

In closing, the parties respectfully submit that the Settlement Agreement is fair and reasonable, and therefore request that the Court approve or so order the Settlement Agreement.

Respectfully submitted,

/s/ Joshua S. Androphy

Joshua S. Androphy
*Attorney for Plaintiff*